UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHESTER RISCO,

    Petitioner,

v.                                         Case No.:  2:23-cv-684-SPC-NPM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Chester Risco's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1). For the below reasons, the Court denies the motion.

## BACKGROUND

Risco pleaded guilty to four counts of distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Court sentenced him to 235 months in prison. Risco appealed, and the Eleventh Circuit affirmed. *See United States v. Risco*, No. 21-11881, 2022 WL 1796932 (11th Cir. June 2, 2022). This § 2255 motion followed. Risco argues he was denied effective assistance of counsel because (1) his counsel allegedly failed to argue that the Court should sentence him based on a mixture of methamphetamine rather

than actual methamphetamine and (2) his counsel failed to raise an argument in his initial brief before the Eleventh Circuit. (Doc. 1).

## LEGAL STANDARD

### A. 28 U.S.C. § 2255

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255. Relief under § 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A petitioner bears the burden of proving the claims in a § 2255 motion. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (collecting cases).

### B. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. To determine whether a convicted person is entitled to relief under the Sixth Amendment, courts engage in a two-part test. A petitioner must establish (1) that counsel's performance was deficient—that

2

is, it fell below an objective standard of reasonableness—and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Courts need not address both prongs if the petitioner fails to satisfy either of them. *Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010).

When considering the first prong, there is a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance." *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 694). To show prejudice, the petitioner must establish that "but for counsel's unprofessional performance, there is a reasonable probability the result of the proceeding would have been different." *Putman v. Head*, 268 F.3d 1223, 1248 (11th Cir. 2001) (citing *Strickland*, 466 U.S. at 694) (emphasis added). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sealey*, 954 F.3d at 1355.

## DISCUSSION

Risco had three attorneys during the course of his case. The Court first appointed the Federal Public Defender to represent Risco. (Cr-Doc. 7). An Assistant Federal Defender appeared on Risco's behalf but withdrew shortly thereafter. (Cr-Docs. 9, 11, 12). So the Court appointed Roger Azcona, a member of the Criminal Justice Act (CJA) Panel of this District, to represent Risco. (Cr-Doc. 13). Azcona represented Risco through sentencing. After

sentencing, Azcona withdrew from the case. (Cr-Docs. 87, 88). And the Court appointed Keith Upson as CJA counsel for Risco's appeal. (Cr-Doc. 89). Risco asserts that Attorney Azcona was ineffective during sentencing and Attorney Upson was ineffective during the appeal. (Doc. 1).

### A. Ground One: Failure to raise purity distinction at sentencing

Risco argues his counsel was ineffective for failing to challenge at sentencing the Court's use of "actual" methamphetamine rather than a "mixture and substance" containing methamphetamine. But Risco's memory fails him. His counsel did challenge the Court's use of "actual" methamphetamine. Counsel argued the point in writing in his sentencing memorandum. (Cr-Doc. 78 at 6). And he doubled down during Risco's sentencing hearing. (Cr-Doc. 97 at 113-14, 116-17, 121). So the record requires the Court to deny ground one. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (noting that summary dismissal is proper for "contentions that in the face of the record are wholly incredible").[1]

---

[1] The government suggests that Risco may also argue in his § 2255 motion that his counsel should have objected to the use of "actual" methamphetamine because the indicted charged Risco with distributing only a "mixture and substance" containing methamphetamine. But the indictment does not so limit the Court's consideration. *See* U.S.S.G. § 1B1.3 (Background Section) ("Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range.").

4

### B. Ground Two: Failure to raise an argument on appeal

Next, Risco argues his appellate counsel was ineffective by failing to timely raise an issue on appeal. According to Risco, counsel should have argued in his initial brief that personal use quantities of drugs do not qualify as relevant conduct for purposes of sentencing unless the drugs are connected to the offense of conviction. Risco is correct that counsel failed to make this argument in his initial brief, instead raising the argument for the first time in a notice of supplemental authority. But the Eleventh Circuit didn't reject Risco's argument only because it was untimely. As the court observed, "even if the issue was properly before us, it is squarely foreclosed by binding precedent, which we are required to follow unless and until it is overruled by this Court sitting en banc or the Supreme Court." *Risco*, 2022 WL 1796932, at *4 n.4 (citing *United States v. Antonietti*, 86 F.3d 206, 209 (11th Cir. 1996)). Risco's counsel was not obligated to raise this losing argument. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance."). So the Court denies ground two.

### EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). To establish he is entitled to an evidentiary

hearing, a petitioner must allege facts "that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." *Hernandez v. United States*, 778 F.3d 1230, 1232-33 (11th Cir. 2015) (citing *Padilla v. Kentucky*, 559 U.S. 356, 366).

The Court finds an evidentiary hearing unwarranted in this case. The record conclusively proves that ground one has no merit, and Risco has not alleged facts in ground two that would prove either deficient performance or prejudice.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). To appeal such a denial, a district court must first issue a COA, which "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citations omitted). Upon review of the record, the Court finds that

Risco has not made the requisite showing.  *See* 28 U.S.C. § 2255(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84.  Accordingly, a COA is **DENIED**.

Accordingly, it is now

**ORDERED:**

1. Risco's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED.**

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, enter judgment, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 12, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record